JAMES QUERY, Appellant, v. BRIDGET LISTON *et al.*

**Statute of Frauds.** A petition for specific performance avers that part of the purchase price of land was deposited, to be paid over when "title was perfect," that the amount of an outstanding sheriff's certificate was to be ascertained, and that some former liens should be discharged, and the balance of the purchase price paid by October, 1891. *Held*, no money "was received," the case was within the statute of frauds, and the petition was demurrable, though it also alleges that the title was, in fact, perfect, when the agreement was made.

*Appeal from Adams District Court.*—HON. H. M. TOWNER, Judge.

SATURDAY, OCTOBER 20, 1894.

ACTION to compel specific performance of contract in parol for the purchase of land, or to recover damages for a breach thereof, upon the claim that defend-

ant had received part of the purchase price in part performance of said contract. Defendants demurred to the petition, and, the demurrer being sustained, and plaintiff refusing to further plead, judgment was entered against him, from which he appeals. We have no argument for appellees.—*Affirmed.*

*W. S. Hefling, Greenlee & Howland* and *Dale & Brown* for appellant.

*J. M. Junkin* and *Davis & Wells* for appellees.

GIVEN, J.—I. Our statute of frauds (Code, sections 3663, 3664) provides that no evidence of contracts for the creation or transfer of any interest in land, except leases for a term not exceeding one year, is competent unless it be in writing, and signed by the party charged or by his lawfully authorized agent. Section 3665 provides that this provision shall not apply "where the purchase money, or any portion thereof, has been received by the vendor." The allegations of the petition are as follows: "That said Bridget Liston duly executed and acknowledged a power of attorney to her son, Maurice K. Liston, one of the defendants in this action, authorizing and empowering the said Maurice K. Liston to sell and convey said lands, and receive the purchase price thereof. That under and by virtue of said power of attorney said Maurice K. Liston, for and on behalf of the said Bridget Liston, on or about the fifteenth day of September, 1891, by parol agreement, sold said lands to this plaintiff for the agreed price of two thousand dollars. And it was further agreed at the same time, as a part of said contract, that the plaintiff should deposit in the National Bank of Corning, Iowa, on or before September 18, 1891, fifty dollars or one hundred dollars as a part of said purchase price, subject to the order of the defendant Bridget Liston or her said attorney in fact, to be paid to said defendant

Bridget Liston or her said attorney in fact whenever the title to said land was perfect. In order to arrange some matters relative to a former lien on said lands it was further agreed that the balance of said purchase money should be paid, a warranty deed executed, and said lien discharged on or before October 6, 1891. That in pursuance of said agreement plaintiff deposited in the National Bank of Corning, at Corning, Iowa, on September 16, 1891, the said sum of fifty dollars in accordance with the terms of the contract above stated. That on Friday, September 18, 1891, plaintiff again saw Maurice K. Liston, and informed him of what he had done. Thereupon said Maurice K. Liston requested plaintiff to deposit in the First National Bank of Villisca, Villisca, Iowa, the further sum of one hundred dollars on the same terms, and the plaintiff agreed to comply with said request, and on the same day plaintiff did deposit in the First National Bank of Villisca, Iowa, the said additional sum of one hundred dollars, in accordance with the terms of said contract. That defendants have not drawn out the money so deposited in said banks, but said several sums are now in said banks, subject to the order of said Bridget Liston, or her said attorney in fact, in accordance with the terms of said contract. And plaintiff alleges that at the time of said deposits the title to said land was perfect in the said Bridget Liston, and that under and by virtue of said contract the title to the money thus deposited immediately vested in the said Bridget Liston. That the incumbrance against said land referred to in said substituted petition consisted of a sheriff's certificate of sale on foreclosure of a mortgage on said premises in this court. That as a part of the terms of said contract the amount due on said certificate was to be ascertained by computing the sum required to redeem from said sheriff's certificate of sale, and the amount so found was to be deducted from the one thousand

eight hundred and fifty dollars balance of the purchase price, and any other charges against or liens upon said land were to be paid out of said one thousand, eight hundred and fifty dollars, and the balance, if any, paid to said Bridget Liston, at the time of the execution of the deed to said land."

The grounds of demurrer to so much of the petition as claims specific performance are that the petition shows no completed contract, nor that any part of the consideration was paid to, or received by, the defendants. To as much as claims damages, defendants demurred on the grounds that they are nonresidents; that there is no attachment *in rem;* therefore the court has no jurisdiction of the persons of defendants or of the property. The record shows that the demurrer was sustained for the reason that "there is not such a contract stated as, under the law, in the judgment of this court, ought to be enforced by a decree of specific performance." Under the record before us we are not required to consider the last ground of the demurrer. It was not ruled upon, and, if it had been, must have been overruled, as the record does not show that defendants were nonresidents, but does show that they appeared to the action and demurred.

II.   The only question to be determined is whether the petition shows that a part of the purchase money had been received by the vendor, Bridget Liston. Whatever she could do in person, with respect to the sale of this land and the receipt of the purchase money, she could do by her duly authorized agent. There is no question but that, under the allegations of the petition, she was bound by the acts of Maurice K. Liston. The single question is whether, by the deposit of the money, as was done, Mrs. Liston should be held to have received it, within the meaning of said section 3665. If she, through her

agent, consented to the deposit of the money in said banks, and it was there deposited to her order, without condition, the money then became hers, and she must be held to have received it; but, if the deposit was upon conditions that prevented the money from becoming absolutely hers, she can not be said to have received it.

The allegation of the petition is that the money was to be deposited "subject to the order of defendant Bridget Liston or her said attorney in fact, to be paid to said defendant Bridget Liston or her said attorney in fact whenever the title to said land was perfect." Surely it must be inferred from this language that something remained to be done to perfect the title, and that this deposit to the order of Mrs. Liston was conditioned that she perfect her title. What follows confirms this view, for it is said: "In order to arrange some matters relative to the former lien on said lands, it was further agreed that the balance of said purchase money should be paid, a warranty deed executed, and said lien discharged on or before October 6, 1891." It is also alleged as a part of the terms of the contract that the amount required to redeem from sheriff's certificate of sale was to be ascertained and deducted from the purchase price at the time of the execution of the deed. It is certainly apparent from these allegations that by this deposit the money did not become absolutely the property of Mrs. Liston, but was to become such when she had perfected her title and executed the conveyance. True, it is alleged "that at the time of said deposit the title to said land was perfect in said Bridget Liston," but, taking the whole petition together, it is apparent that there was an outstanding sheriff's certificate of sale, from which the land had to be redeemed. We think the demurrer was properly sustained. Affirmed.